J-A12042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WAYNE E. MANKOWSKI, AND HIS WIFE, TRACIE MANKOWSKI | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | | |
| v. | | |
| SEVEN SPRINGS MOUNTAIN RESORT, INC. | | |
| Appellee | | No. 1653 WDA 2016 |

Appeal from the Order September 29, 2016
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 62 Civil 2016

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 7, 2017**

Wayne E. and Tracie Mankowski ("Appellants") appeal from the order entered on September 29, 2016.  We affirm.

As the trial court disposed of this case on preliminary objections, the following factual background is taken from Appellants' complaint.  On February 28, 2015, Mr. Mankowski and his son were boarding a chairlift at Seven Springs Mountain Resort, Inc. ("Seven Springs").  The son was having difficulty boarding the chairlift.  When Mr. Mankowski attempted to help his son, his son fell to the ground and Mr. Mankowski fell from the chairlift.  Mr. Mankowski landed on a bolt on the base of the chairlift tower.  Mr. Mankowski suffered injuries as a result of this fall.

The procedural history of this case is as follows. On February 4, 2016, Appellants instituted the instant action by filing a complaint against Seven Springs. On March 10, 2016, Seven Springs filed preliminary objections in the nature of a demurrer. On September 29, 2016, the trial court sustained the preliminary objections and dismissed Appellants' complaint. This timely appeal followed.[1]

Appellants present three issues for our review:

1. Whether the [t]rial [c]ourt erred in failing to adhere to the applicable standard for determining preliminary objections when it disregarded the well-pled facts of [Appellants' c]omplaint which support claims of negligence and recklessness due to [Seven Springs'] actions and/or omissions in failing to protect patrons from a dangerous condition, which is not inherent in the sport of skiing and which was the direct and proximate cause of the injuries suffered by [Mr. Mankowski]?

2. Whether the [t]rial [c]ourt erred in applying the "no duty" rule of the Skiers' Responsibility Act[("the Act"), 42 Pa.C.S.A. § 7102(c)], which bars recovery for injuries that arise from risks inherent in the sport of skiing, to a case where [Appellants pled] injuries which did not occur due to an inherent risk of the sport but instead[] due to a foreseeably dangerous condition, an unprotected chairlift tower and bolt on the tower?

3. Whether the [t]rial [c]ourt erred . . . when it ruled on preliminary objections that no duty was owed by [Seven Springs] to protect a patron from a foreseeably dangerous condition not inherent in the sport of skiing?

Appellants' Brief at 4.

---

[1] On October 31, 2016, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On November 17, 2016, Appellants filed their concise statement. On December 20, 2016, the trial court issued its Rule 1925(a) opinion. Appellants' lone substantive issue was included in their concise statement.

Although phrased as three separate issues, Appellants' only substantive argument is that the trial court erred in finding that their suit was barred by the Act. "Our standard of review of an order of the trial court [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Freundlich & Littman, LLC v. Feierstein*, 157 A.3d 526, 530 (Pa. Super. 2017) (internal alteration and citation omitted). "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom." *P.J.A. v. H.C.N.*, 156 A.3d 284, 287 (Pa. Super. 2017) (*per curiam*) (citation omitted). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Martin v. Holy Spirit Hosp.*, 154 A.3d 359, 362 (Pa. Super. 2017) (citation omitted). "If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections." *Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 630 (Pa. Super. 2016) (citation omitted).

The trial court found that Appellants' complaint was barred by the Act, which provides that:

(1) The General Assembly finds that the sport of downhill skiing is practiced by a large number of citizens of this Commonwealth and also attracts to this Commonwealth large numbers of nonresidents significantly contributing to the economy of this Commonwealth. It is recognized that as in some other sports, there are inherent risks in the sport of downhill skiing.

(2) The doctrine of voluntary assumption of risk as it applies to downhill skiing injuries and damages is not modified by [Pennsylvania's general comparative negligence rule].

42 Pa.C.S.A. § 7102(c).

As our Supreme Court explained:

[T]he Act explicitly preserved the common law assumption of risk defense as applied to injuries suffered while engaged in downhill skiing. Because the Act did not create a new or special defense for the exclusive use of ski resorts, but instead kept in place longstanding principles of common law, a review of those principles is instructive. The assumption of the risk defense, as applied to sports and places of amusement, has also been described as a "no-duty" rule, *i.e.,* as the principle that an owner or operator of a place of amusement has no duty to protect the user from any hazards inherent in the activity.

***Chepkevich v. Hidden Valley Resort, L.P.***, 2 A.3d 1174, 1185–1186 (Pa. 2010) (internal citations omitted). Therefore, in order for a suit to be barred by the Act (1) the injury must have occurred while engaged in the sport of downhill skiing and (2) the injury must have arisen out of a risk inherent in the sport of downhill skiing. ***Hughes v. Seven Springs Farm, Inc.***, 762 A.2d 339, 344 (Pa. 2000); ***see Jones v. Three Rivers Mgmt. Corp.***, 394 A.2d 546, 551 (Pa. 1978) (internal quotation marks and citation omitted)

- 4 -

("[N]o-duty rules[] apply only to risks which are common, frequent[,] and expected, and in no way affect the duty of theatres, amusement parks[,] and sports facilities to protect patrons from foreseeably dangerous conditions not inherent in the amusement activity.").

Appellants concede that Mr. Mankowski was engaged in the sport of downhill skiing. They contend, however, that their suit is not barred by the Act because his injuries were not the result of a risk inherent with the sport of downhill skiing. We disagree. Our Supreme Court's decision in **Chepkevich** controls this issue. In that case, our Supreme Court held "that boarding and riding a [chairlift] are inherent to the sport of downhill skiing and inherently dangerous activities, the most obvious danger of which—a risk that is common, frequent[,] and expected—is undoubtedly falling from the lift." **Chepkevich**, 2 A.3d at 1187. In this case, Mr. Mankowski was injured when he fell from a chairlift. As this risk is inherent in the sport of downhill skiing, Appellants' suit is barred by the Act.

Appellants attempt to distinguish **Chepkevich** by arguing that it did not involve an individual falling from a chairlift and striking an unprotected bolt on the chairlift tower. This argument fails because our Supreme Court's decision in **Chepkevich** was not based upon what the skier fell on, *e.g.*, the chairlift tower or snow. Instead, our Supreme Court's holding in **Chepkevich** was broad and encompasses the situation in the present case. Our Supreme Court held that falls from chairlifts are risks inherent in the

sport of downhill skiing. Thus, **Chepkevich** is not distinguishable from the case at bar.

Appellants also cite **Crews v. Seven Springs Mountain Resort**, 874 A.2d 100 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1059 (Pa. 2005), in support of their argument that the risk in this case was not inherent in the sport of downhill skiing. Specifically, they contend that Seven Springs could have protected the bolt and eliminated the risk of injury. Our Supreme Court in **Chepkevich**, however, rejected the interpretation of **Crews** advanced by Appellants. Our Supreme Court stated:

> [B]y defining an inherent risk **only** as one that "could be removed without altering the fundamental nature of skiing," **Crews** encourages plaintiffs to plead cases to define the risks that led to their injuries in a narrow, hypertechnical manner. **Crews** invites the argument that an allegation of negligence by a ski resort will always negate any defense of the assumption of the risk, as the "risk of negligence" can always be removed without altering the nature of skiing. Such an approach fails to account for the "no-duty" rule and is contrary to the legislative intent to preserve the assumption of risk defense for downhill skiing. Neither the common law assumption of the risk doctrine, nor our decision in **Hughes**, suggested such an interpretation of inherent risks. Instead, those authorities direct that inherent risks are those that are "common, frequent, or expected" when one is engaged in a dangerous activity, and against which the defendant owes no duty to protect.

**Chepkevich**, 2 A.3d at 1187 n.14 (emphasis in original). Thus, **Crews** was limited to the specific facts of that case based upon public policy concerns. **See id.** There are no such public policy concerns in the case *sub judice*. Thus, **Crews** is not instructive when evaluating the issue presented in this case.

- 6 -

Finally, Appellants rely on **Tayar v. Camelback Corp.**, 47 A.3d 1190 (Pa. 2012). **Tayar**, however, did not address the assumption of risk doctrine. Instead, **Tayar** addressed whether a release relieving a party of liability for reckless conduct violated this Commonwealth's public policy. **See id.** at 1190. In this case, there was no release which relieved Seven Springs of liability for reckless conduct. Instead, this case involves a straightforward application of the Act and a controlling decision of our Supreme Court. Under **Chepkevich**, Appellants' suit is barred by the Act. Accordingly, we conclude that the trial court properly sustained Seven Springs' preliminary objections.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017

---

[2] Appellants also cite to an unpublished memorandum issued by this Court in another unrelated case in January, 2017. Appellants' Brief at 14-17. We remind Appellants of the Superior Court's Operating Procedure § 65.37.A. which prohibits a party from relying upon or citing to unpublished memorandum decisions of this Court. In light of this Operating Procedure, we are constrained not to consider the unpublished memorandum decision cited by Appellants in deciding this case.